IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAVID ALHAMZAWI, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-1237-L (BF) |
| | § | |
| STATE OF TEXAS (CITY OF GARLAND) | § | |
| | § | |
| Defendant. | § | |
| | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case was referred to the United States Magistrate for pretrial management.  Before the Court is Defendant the City of Garland's ("Garland") Motion to Dismiss (doc. 25) under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Garland requests that this Court dismiss Plaintiff's Complaint for failure to state a claim upon which relief may be granted.  In the alternative, Garland moves for more definite statement under Rule 12(e).  Based on the following reasons, the Court recommends that the District Court GRANT the Motion to Dismiss and dismiss Plaintiff's complaint with prejudice.

### Background[1]

On April 23, 2012, David Alhamzawi ("Plaintiff") filed a *pro se* complaint against Garland.  Plaintiff repeatedly asserts that Garland violated his constitutional and civil rights, but it is difficult to identify the grounds upon which Plaintiff seeks relief.

Plaintiff sued Garland because Garland refused Plaintiff's application for a building permit.  The property at issue is an old auto-repair shop located at 238 Lavon Drive, Garland,

---

[1]The following facts are taken from Plaintiff's Complaint and Response Brief.

Texas.  Without the permit, the property cannot be used for its designed purpose.  Plaintiff alleges that before he bought the property, a storm damaged the property, preventing it from meeting Garland's compliance standards.  Only after repairs were made would the city grant a permit for the property.  Plaintiff did not make the repairs by the required date, so the city refused to grant him a permit.  Plaintiff alleges he attempted to make the necessary repairs in a timely fashion, but he could not make the repairs because the city turned off the property's utilities.  It appears Garland does not release utilities until a building fully complies with municipal standards.  Whoever owns the property central to this dispute allegedly owns a less profitable enterprise, for the building cannot be used for its designed purpose.

Plaintiff alleges his constitutional and civil rights have been violated.  But Plaintiff does not make clear how the dispute concerns him.  Plaintiff's name is not on any of the documents attached to the Complaint showing an ownership interest in 238 Lavon Drive.  The name on the contract for sale is Seham Alhamzawi DBA Hizli Corporation Inc.  Nevertheless, Plaintiff claims an interest in the dispute because allegedly he is the vice-president of Hizli Corporation.

### Standard of Review

While the court is to liberally construe the briefs of *pro se* litigants, *pro se* parties must still brief issues and reasonably comply with court standards.  *Grant v. Cullar*, 59 F.3d 523 (5th Cir. 1995).  FED. R. CIV. P. 8(a)(2) provides that "[a] pleading that states a claim for relief must contain a short and plain statement of the claim showing that the pleader is entitled to relief."  According to the Supreme Court, Rule 8(a)(2) requires a pleading to have "facial plausibility."  *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must be able to draw  the reasonable inference from the pleading that

the defendant is liable for the misconduct alleged. *Id.* (citing *Twombly*, 550 U.S. at 556). A defendant may seek a Rule 12(b)(6) dismissal if a pleading fails to establish facial plausibility. *See* FED. R. CIV. P. 12(b)(6); *id.* at n3.

Although a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitlement to relief" requires more than labels and conclusions; a formulaic recitation of the elements of a cause of action is not sufficient. *Twombly*, 127 S.Ct. at 1964-65. Factual allegations must be sufficient to raise a right to relief above the speculative level. *Id.*

In deciding a motion to dismiss, the Court does not evaluate a plaintiff's likelihood of success; the Court only determines whether a plaintiff has stated a legally cognizable claim. *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). A court cannot look beyond the pleadings when resolving a Rule 12(b)(6) controversy. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999). Pleadings include the complaint and any documents attached to it. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000).

## Analysis

Plaintiff fails to establish that he has any interest in this dispute.  He alleges Garland unlawfully failed to grant a permit for the building at 238 Lavon Drive, but he does not connect himself to that property.  Plaintiff attached a contract for the property that shows the buyer to be "Seham Alhamzawi DBA Hizli Corporation inc" and a warranty deed showing that the owner of the property is "Seham Alhamzawi."  This Motion to Dismiss suggests it is plausible Plaintiff goes by multiple names.  However, when Plaintiff addresses this discrepancy in his Response, he

indicates that he has no interest in the property and fails to clarify the discrepancy.  He states, "Defendant claims that David Alhamzawi has no ownership to 238 Lavon Dr., the legal facts that *David Alhamzawi is Vice-President of Hizli, Inc*, Plaintiff has all legal grounds to acts in defiance to above property as vice president of Hizli, Co."  (Pl. Resp. 2)(emphasis added).  Perhaps Plaintiff might be attempting to represent Hizli Corporation in this suit.  This Court finds his attempt fails.

28 U.S.C. § 1654 permits parties to plead and conduct their own cases.  Section 1654 makes clear that *pro se* suits from individuals are permissible, but the statute is silent regarding corporations.  *Memon v. Allied Domecq QSR*, 385 F.3d 871 (5th Cir. 2004).  "The lack of authorization in § 1654 has been interpreted as barring corporations from appearing in federal court without an attorney."  *Memon*, 385 F.3d at 873;  *In Re K.M.A., Inc.,* 652 F.2d 398, 399 (5th Cir. 1981)("The law is clear that a corporation as a fictional legal person can only be represented by licensed counsel.  This is so even when the person seeking to represent the corporation is its president and major stockholder.")  Therefore, if Plaintiff is attempting to represent the corporation, his claim should be dismissed.

Even if the Court gives Plaintiff the benefit of the doubt and assumes *arguendo* that he is in-fact the owner of 238 Lavon Dr, he still fails to state a claim.  In the Complaint, he asserts, "[A]cts of [d]eliberate [in]difference[] . . . caused plaintiff . . . damages and violated plaintiff['s] protected civil constitutional rights under federal laws."  In his Response he continues, "Defendant['s] acts violated Plaintiff['s] constitutional rights."  Later in the Response he states, "Defendant['s] acts . . . caused plaintiff to los[e] money . . . in violation of [P]laintiff['s] constitutional rights."  Plaintiff argues that Garland, by failing to issue a building permit, violated

4

Plaintiff's constitutional and civil rights.  However, merely alleging some facts that implicate

others is not sufficient to state a claim.

Rule 8(a)(2) requires nothing more than "a short, plain statement showing that the pleader

is entitled to relief."  FED. R. CIV. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570

(2007)).  Plaintiff's burden at the pleading stage is minimal; he only needs to plead specific facts

which would plausibly entitle him to relief.  But while case law requires liberal interpretation of

*pro se* pleadings, especially in the context of a motion to dismiss, even *pro se* plaintiffs must

"reasonably comply" with pleading requirements.  *Grant v. Cullar*, 59 F.3d 523, 524 (5th Cir.

1995).  Plaintiff has failed to meet his burden.

**Section 1983**

Plaintiff alleges a violation of federally protected constitutional rights.  42 U.S.C. §1983

provides a claim for relief against a person who violates an individual's federally protected rights.

*Gomez v. Toledo*, 446 U.S. 635 (1980).  The Supreme Court has held that for purposes of Section

1983, municipalities are considered persons who may be subjected to suit.  *Monell v. New York*

*City Dep't of Soc. Serv.,* 436 U.S. 658, 689.  "[M]unicipal liability under section 1983 requires

proof of three elements: a policymaker; an official policy; and a violation of constitutional rights

whose "moving force" is the policy or custom.  *See Piotrowski v. City of Houston*, 237 F.3d 567,

578 (5th Cir. 2001)(citing *Monell*, 436 U.S. at 694).  Plaintiff implicates a policy and a policy-

maker.  He alleges Garland violated its own municipal ordinance, but he never alleges the policy

was unconstitutional.  Moreover, he does not plead any facts alleging he has been deprived of

some federally protected constitutional right.  Perhaps Plaintiff is complaining of a government

taking in violation of due process.  Nonetheless, in order to establish a due process violation by

claiming denial of a property right, a plaintiff must first establish that a property right has been denied.  *Bryan v. City of Madison, Miss.* 213 F.3d 267, 274-75 (2000); *Jackson Court Condominiums, Inc. v. City of New Orleans*, 874 F.2d 1070, 174 (5th Cir. 1989).  That showing "must be made by reference to state law.  'The Constitution does not create property interests; 'they are created and their dimensions are defined by existing rules or understandings that stem from an independent source, such as state law.'"  *Schaper v. City of Huntsville*, 813 F.2d 709 (5th Cir. 1987)(quoting *Bd. of Regents v. Roth*, 408 U.S. 565, 577 (1972)).  Moreover, to establish an unconstitutional taking,  Plaintiff must allege a complete deprivation of economically viable use of the property.  See *Maloney Gaming Mgmt., L.L.C. v. St. Tammany Parish*,  456 Fed. Appx. 336 (5th Cir. 2011)(citing *Agins v. City of Tiburon*, 447 U.S. 255, 260 (1980); *Matagorda Cnty. v. Russell Law*, 19 F.3d 215, 223 (5th Cir 1994).  Dismissal of a takings claim is proper where a plaintiff fails to assert in his compliant that the property would lose all economically viable use as a result of a city ordinance.  *Maloney*, 456 Fed. Appx. at 344.

Plaintiff appears to claim he was denied the right to operate or rent-out the property. Plaintiff makes no reference to state law.  Plaintiff attached to the Complaint a portion of Garland's municipal regulations.  Plaintiff, if anything, demonstrates that the city complied with its own regulations.  Even if this Court were to supply the legal framework for Plaintiff's suit, he fails to plead specific facts to support such a claim.  He alleges Garland wronged him by not granting him the requisite building permit.  However, he never alleges the property has lost all economically viable use.  Thus, he never suggests that this refusal was improper, much less unconstitutional.

The Court is to analyze *pro se* pleadings liberally, but the *pro se* litigant is not entitled to

6

ignore pleading requirements altogether, and it is not the Court's job to plead a *pro se* litigant's case for him.  Allowing Plaintiff to circumvent pleading requirements would undermine one of the purposes of the federal rules: to provide defendants with fair notice of suit so that they may respond to the allegations.  It is for this reason that the rules require more than conclusory allegations.  Because Plaintiff has failed to show a deprivation of a federally protected right, he has neither a constitutional nor a Section 1983 civil rights claim.  As such, even if Plaintiff demonstrates an interest in this suit, he fails to state a claim upon which relief may be granted.

## Recommendation

For the foregoing reasons, the Court recommends that the District Court **GRANT** Defendant's Motion to Dismiss and dismiss Plaintiff's claim with prejudice against Defendant City of Garland for failure of Plaintiff to state a valid cause of action.

SO RECOMMENDED, July 10, 2012.


_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

7

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory, or general objections.  A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a de novo determination by the District Court.   See Thomas v. Arn, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  See Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).