**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **DAVID ALHAMZAWI**, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. **3:12-CV-1237-L** |
| | § | |
| **STATE OF TEXAS (CITY OF GARLAND)**, | § | |
| | § | |
| Defendant. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's request for a "Restraining Order" (Doc. 43), filed January 2, 2013, which the court construes as a motion for a preliminary injunction or temporary restraining order. This case was previously referred to United States Magistrate Judge Paul D. Stickney for pretrial management. The court **vacates** its order (Doc. 7) referring this case to the magistrate judge for pretrial management *insofar as it pertains to Plaintiff's request for a "Restraining Order." In all other respects, the order of reference remains intact.* After considering the motion and pleadings in this case, the court **denies** Plaintiff's request for a "Restraining Order" (Doc. 43).

There are four prerequisites for the extraordinary relief of preliminary injunction or temporary restraining order. A court may grant such relief only when the movant establishes that:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury [to the movant] outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.

**Memorandum Opinion and Order - Page 1**

*Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987); *Canal Auth. of the State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974) (*en banc*).  The party seeking such relief must satisfy a cumulative burden of proving each of the four elements enumerated before a temporary restraining order or preliminary injunction can be granted.  *Mississippi Power and Light Co. v. United Gas Pipeline*, 760 F.2d 618, 621 (5th Cir. 1985); *Clark*, 812 F.2d at 993.  Otherwise stated, if a party fails to meet *any* of the four requirements, the court cannot grant the temporary restraining order or preliminary injunction.

Because a preliminary injunction is considered an "extraordinary and drastic remedy," it is not granted routinely, "but only when the movant, by a clear showing, carries the burden of persuasion."  *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985).  The decision to grant or deny preliminary injunctive relief is left to the sound discretion of the district court.  *Mississippi Power & Light Co.*, 760 F.2d at 621.  Even when a movant establishes each of the four *Canal* requirements, the decision whether to grant or deny a preliminary injunction remains discretionary with the court, and the decision to grant a preliminary injunction is treated as the exception rather than the rule.  *Mississippi Power & Light*, 760 F.2d at 621.

After reviewing Plaintiff's motion, which is not supported by any evidence, and Amended Complaint, the court concludes that he has not met his burden of establishing any of the requirements for a preliminary injunction or temporary restraining order.  The court therefore **denies** Plaintiff's request for a "Restraining Order" (Doc. 43).

It **is so ordered** this 6th day of January, 2014.

Sam A. Lindsay
United States District Judge