**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| DAVID ALHAMZAWI, | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-1237-L (BF) |
| | § | |
| STATE OF TEXAS (CITY OF GARLAND), | § | |
|     **Defendant.** | § | |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to Title 28, United States Code, Section 636(b), and a Standing Order of Reference from the District Court [D.E. 7] this case has been referred to the United States Magistrate Judge for pretrial management. Before the Court is Defendant State of Texas (City of Garland)'s ("Defendant") Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss Amended Complaint") [D.E. 30]. For the following reasons, the undersigned recommends that the Court GRANT Defendant's Motion to Dismiss Amended Complaint [D.E. 30].

## BACKGROUND

On April 23, 2012, Plaintiff filed his *pro se* action against Defendant alleging violations of his constitutional and civil rights. *See* Compl. [D.E. 1 at 1]. On May 14, 2012, Defendant filed its Motion to Dismiss, or Alternatively, Motion for More Definite Statement arguing that Plaintiff failed to allege facts giving rise to a claim against Defendant and informing the Court that Defendant cannot discern specifically what actionable conduct Plaintiff is alleging against Defendant. *See* Mot. to Dismiss [D.E. 8 at 6-7]. On July 11, 2012, the undersigned entered Findings, Conclusions and Recommendation ("Recommendation") recommending that the Court grant Defendant's Motion to Dismiss for Plaintiff's failure to state a claim. *See* Recommendation [D.E. 13]. On July 30, 2012,

the Court accepted the undersigned's Recommendation and entered a Judgment dismissing with prejudice Plaintiff's case. *See* Judgment [D.E. 17]; Order Adopting Recommendation [D.E. 16].

On August 22, 2012, Plaintiff filed a motion requesting that the Court reopen his case on the ground that the United States Post Office inadvertently withheld his mail because the mailman mistakenly believed that the building where Plaintiff received mail was vacant, and therefore, Plaintiff did not receive various court documents. *See* Motion to Reopen Case [D.E. 18]. On December 17, 2012, the Court granted Plaintiff's motion seeking to reopen his case and ordered Plaintiff to file objections to the undersigned's July 11, 2012 Recommendation within 30 days. *See* Order Granting Mot. to Reopen [D.E. 23]. On January 30, 2013, the Court issued an order finding that while Plaintiff's subsequently filed objections to the undersigned's Recommendation do not adequately address the deficiencies noted in the Recommendation, the Court will give Plaintiff an opportunity to amend his complaint given Plaintiff's *pro se* status. *See* Order [D.E. 25]. In that Order, the Court also informed Plaintiff that since he has been given an opportunity to adequately state the basis for his claim, once Plaintiff files his amended complaint, he will not be given further opportunities to amend. *See id.* [D.E. 25 at 2].

On February 11, 2013, Plaintiff filed his First Amended Complaint [D.E. 26]. On August 6, 2013, Defendant filed its Motion to Dismiss Plaintiff's First Amended Complaint on the following grounds: (1) Plaintiff lacks standing to bring this suit because he is attempting to raise the legal rights of another; and (2) even if Plaintiff was a proper party to this action, he failed to state a claim for which relief can be granted. *See* Mot. to Dismiss Am. Compl. [D.E. 30 at 3-9]. On September 16, 2013, Plaintiff filed his Response to Defendant's Motion to Dismiss First Amended Complaint [D.E. 31]. In the response, Plaintiff argues that Defendant "engaged in an unconstitutional taking of his

2

property and denied his constitutional rights of equal protection and due process." Resp. to Mot. to Dismiss Am. Compl. [D.E. 31 at 3]. Plaintiff further contends that by "mentioning 'civil constitutional rights under federal law,' Plaintiff has put Defendant [] on notice of the types of claims Plaintiff is asserting." *Id.* [D.E. 31 at 4]. On September 19, 2013, Defendant filed its Reply arguing that: (1) Plaintiff failed to state a claim against a municipality under Title 42, United States Code, Section 1983 ("Section 1983") because he failed to plead specific facts that identify the policy he complains of, he failed to properly connect the policy to the government entity itself, including identifying the final policymaker, and he failed to show that his injury occurred because of the application of that specific policy; and (2) regardless of the sufficiency of Plaintiff's allegations, it is clear that Plaintiff does not have standing to bring his claim because Plaintiff did not, at the relevant time, own the property. *See* Reply in Supp. of Mot. to Dismiss Am. Compl. [D.E. 32 at 2-3].

## STANDARD OF REVIEW

"Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims." *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998). "It is incumbent on all federal courts to dismiss an action whenever it appears that subject matter jurisdiction is lacking." *Id.* Further, "standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "To establish standing, a plaintiff must meet both constitutional and prudential requirements." *Wilbert Family Ltd. v. Dallas Area Rapid Transit*, No. 3:10-CV-2052-D, 2012 WL 246091, at *3 (N.D. Tex. Jan. 26, 2012) (citing *Procter & Gamble Co. v. Amway Corp.*, 242 F.3d 539, 560 (5th Cir. 2001))."Of the two, courts have only treated constitutional standing as a Rule 12(b)(1) issue pertaining to subject matter jurisdiction." *Id.* (citing *Harold H. Huggins Realty, Inc.*

*v. FNC, Inc.*, 634 F.3d 787, 795 n.2 (5th Cir. 2011); *Blanchard 1986, Ltd. v. Park Plantation, LLC*, 553 F.3d 405, 409 (5th Cir. 2008)). "[A] dismissal for lack of prudential or statutory standing is properly granted under Rule 12(b)(6)." *Id.*

"Prudential standing requirements exist . . . as an integral part of 'judicial self-government.'" *Procter & Gamble Co.*, 242 F.3d at 560 (citing *ACORN v. Fowler*, 178 F.3d 350, 362 (5th Cir. 1999); *Lujan*, 504 U.S. at 560). "The goal of this self-governance is to determine whether the plaintiff 'is a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.'" *Id.* (quoting *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 546 n.8 (1986). In determining whether prudential standing exists, a court considers the following: (1) whether a plaintiff's grievance arguably falls within the zone of interests protected by the statutory provision invoked in the suit; (2) whether the complaint raises abstract questions or a generalized grievance more properly addressed by the legislative branch; and (3) whether the plaintiff is asserting his own legal rights and interests rather than the legal rights and interests of third parties. *Encompass Office Solutions, Inc. v. Connecticut Gen. Life Ins. Co.*, 3:11-CV-2487-L, 2013, 2013 WL 1194392, at *5 (N.D. Tex. Mar. 25, 2013) (citing *St. Paul Fire & Marine Ins. Co. v. Labuzan*, 579 F.3d 533, 539 (5th Cir. 2009)).

A court may not dismiss a complaint under Rule 12(b)(6) unless the complaint, when viewed in a light most favorable to the plaintiff, fails to state a valid claim for relief. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (citing 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969); *Lowrey v. Texas A&M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)). In considering a Rule 12(b)(6) motion to dismiss, a court takes as true all the facts pleaded in the complaint, even if they are doubtful in fact. *See Collins*,

4

224 F.3d at 498 (citing *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1986)); *Twombly*, 550 U.S. at 555-56. A court, at this juncture, does not evaluate a plaintiff's likelihood of success, but only determines whether a plaintiff has stated a legally cognizable claim. *See United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 376 (5th Cir. 2004). However, although the complaint does not need to have detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his or her "entitlement to relief" requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

In resolving a Rule 12(b)(6) controversy, a court may examine: (1) the complaint and documents attached to the complaint; (2) documents attached to the motion to dismiss to which the plaintiff refers and are central to the plaintiff's claims; and (3) matters of public record. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Collins*, 224 F.3d at 498; *Herrera v. Wells Fargo Bank, N.A.*, No. H-13-68, 2013 WL 961511, at *2 (S.D. Tex. Mar. 12, 2013) (citing *Lone Star Fund V (U.S.), L.P. v. Barclays Bank P.L.C.*, 594 F.3d 383, 387 (5th Cir. 2010)). Because Plaintiff is proceeding *pro se*, the Court must construe the allegations in the complaint liberally. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam); *Sec. & Exch. Comm'n v. AMX, Int'l, Inc.*, 7 F.3d 71, 75 (5th Cir. 1993) (per curiam). "[P]ro se litigant[s] [are] subject to less stringent standards than [those] represented by counsel." *AMX, Int'l, Inc.*, 7 F.3d at 75 (citing *Hughes*, 449 U.S. at 9). However, while the court is to liberally construe the pleadings of *pro se* litigants, *pro se* parties are not exempt from complying with court rules of procedural and substantive law. *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981) (citing *Faretta v. California*, 422 U.S. 806, 834 n.46 (1975)).

5

## ANALYSIS

### 1. Lack of Prudential Standing

Defendant argues that prudential standing is lacking because Plaintiff "wholly fails to adequately allege any connection with the property at issue in this matter." *See* Mot. to Dismiss Am. Compl. [D.E. 30 at 4]. In Plaintiff's response, he contends that the property at issue was purchased when Plaintiff was married to his former wife and the property was community property. *See* Resp. to Mot. to Dismiss Am. Compl. [D.E. 31 at 4]. In Defendant's reply, Defendant argues that Plaintiff did not own the property at the time his lawsuit was filed and Defendant obtained permission from the Court to submit the divorce decree issued by the 255th Judicial District Court of Dallas County, Texas showing that the property at issue was awarded to Plaintiff's former wife on January 26, 2012. *See* Reply in Supp. of Mot. to Dismiss Am. Compl. [D.E. 32 at 3 n.10]; Final Decree of Divorce [D.E. 32-2 at 25]. In a subsequent court filing, Plaintiff submitted a document dated October 31, 2011 and titled "Property Ownership Contracts" which appears to transfer ownership in the subject property from Plaintiff's former wife to Plaintiff. *See* Contract [D.E. 36 at 3]. However, Plaintiff then submitted a sale agreement dated January 4, 2013 showing transfer of the subject property to Plaintiff from an individual named Nazir Khaled. *See* Agreement [D.E. 38 at 3].

Given that this lawsuit was filed on April 23, 2012 and the divorce decree issued by the 255th Judicial District Court shows that the subject property has been Plaintiff's former wife's separate property since January 26, 2012, Plaintiff did not have sufficient interest in the property to file the lawsuit. Plaintiff submits documents to show that the ownership belonged to Plaintiff prior to the January 26, 2012 divorce decree and from the date of the January 4, 2013 sale agreement. However, for the purposes of the Court's inquiry, Plaintiff's interest in the property at the time the lawsuit was

6

filed is controlling. Further, with respect to the documents submitted by Plaintiff dated October 31, 2011 and January 4, 2013, these documents are not attached to the Amended Complaint or the Motion to Dismiss nor has Plaintiff shown that they are matters of public record. Therefore, the undersigned finds that Plaintiff did not have standing to file his lawsuit.

### 2. Failure to State Claim Against Municipality

Defendant argues that Plaintiff failed to allege facts sufficient to state a claim against a municipality under Section 1983. *See* Mot. to Dismiss Am. Compl. [D.E. 30 at 7-8]. In Plaintiff's response, Plaintiff argues that while Defendant focuses on Section 1983, Plaintiff does not intend to solely assert his claim under this provision. *See* Resp. to Mot. to Dismiss Am. Compl. [D.E. 31 at 4]. Defendant contends that although Plaintiff takes issue with Defendant's characterization of his claim as being brought under Section 1983, Defendant makes arguments regarding this provision because it is only through Section 1983 that Plaintiff can bring federal claims for violations of his due process rights, constitutional taking, and equal protection. *See* Reply in Supp. of Mot. to Dismiss Am. Compl. [D.E. 32 at 4 & n.13]; *Fitzgerald v. Barnstable Sch. Comm.*, 555 U.S. 246, 257 (2009) ("The Equal Protection Clause reaches only state actors, but § 1983 equal protection claims may be brought against individuals as well as municipalities and certain other state entities." (citing *West v. Atkins*, 487 U.S. 42, 48-51 (1988)).

"[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001). The "unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur; isolated unconstitutional actions by municipal employees will almost never trigger

7

liability." *Piotrowski*, 237 F.3d at 578 (citing *Bennett v. City of Slidell*, 728 F.2d 762, 768 n.3 (5th Cir. 1984)). "The three attribution principles identified here-a policymaker, an official policy and the 'moving force' of the policy-are necessary to distinguish individual violations perpetrated by local government employees from those that can be fairly identified as actions of the government itself." *Id.* Although the undersigned liberally construes the Amended Complaint and views the facts in a light most favorable to Plaintiff, the undersigned is not able to find that Plaintiff sufficiently alleged facts to state a claim against a municipality. Therefore, Plaintiff has failed to state a claim upon which relief can be granted.

## RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that the Court **GRANT** Defendant's Motion to Dismiss Amended Complaint [D.E. 30] and dismiss Plaintiff's complaint with prejudice.

**SO RECOMMENDED**, this 26th day of February, 2014.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions, and recommendation on the parties.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions, and recommendation must serve and file written objections within fourteen days after service of the findings, conclusions, and recommendation. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. A party's failure to file such written objections to these proposed findings, conclusions, and recommendation shall bar that party from a *de novo* determination by the District Court. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985). Additionally, any failure to file written objections to the proposed findings, conclusions, and recommendation within fourteen days after service shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).